ENGLISH v. STILLWELL ET AL.

POWER OF ATTORNEY: FORGERY: EVIDENCE CONSIDERED.

*Appeal from Allamakee Circuit Court.*

SATURDAY, JUNE, 19.

ACTION in chancery to recover the possession of, and quiet the title to, certain lots in the town of Waukon. Upon a trial on the merits, plaintiff's petition was dismissed; she now appeals to this court.

*Brown & Wellington* and *J. S. Clark & Co.*, for appellant.

*L. O. Hatch*, for appellee.

BECK, J.—I. The defendant H. H. Stillwell claims title to the property in controversy under a warranty deed purporting to have been executed by plaintiff, by the name of Margaret E. Thompson, by her attorney in fact, C. O. Thompson. The plaintiff alleges that she did not execute the power of attorney, that it is a forgery, and that the title of defendant based thereon

is, therefore, void. The validity of the power of attorney constitutes the main point of dispute between the parties. The instrument purports to have been executed on the 20th day of August, 1866, and was duly acknowledged by a notary public at Waukon, Allamakee county. It was filed for record December 31, 1866. The plaintiff testifies positively that she did not execute the power; the attorney quite as positively swears that she did, and the notary public taking the acknowledgment testifies that it was acknowledged before him by the plaintiff, and he states, with as much positiveness as an honest man could testify to transactions occurring so long ago, that she signed the instrument in his presence, and states other facts connected with the execution of the instrument. He was personally acquainted with the plaintiff at the time, and is quite clear that she is the identical person who appeared before him to acknowledge the instrument.

The plaintiff testifies that she left Waukon in June, before the power of attorney was executed, and did not return until the following spring. She introduces the testimony of other witnesses tending to corroborate her statements in regard to her absence. On the other hand, the defendant shows by many witnesses that she was in Waukon, at or about the time the power purports to have been executed. Upon the question of her absence (the *alibi*, as it is aptly called by counsel) the testimony is conflicting.

The plaintiff and C. O. Thompson were, when the power of attorney was executed, husband and wife, and were living together as such. They subsequently separated and were divorced. There seems to have been disagreement between them about the time the instrument was executed, and they did not long live together afterwards. Plaintiff went to Illinois, and her husband to Kansas, after having sold and conveyed the property under the power of attorney. Plaintiff returned to Waukon a few months after the conveyance of the property by her husband. After remaining a short time she left, and for ten years gave no care or thought for the property, making no claim for rents or possession, though a house was situated thereon which had been her homestead. We think this is a remarkable fact if plaintiff's story be correct. We are clearly of the opinion that the testimony does not authorize the conclusion that the power of attorney is a forgery. The evidence introduced by plaintiff is utterly insufficient to overcome the certificate of acknowledgement, and the positive testimony of the notary and Thompson. We will not undertake to discuss the testimony further. The nature of the case does not demand it.

II. When the power of attorney was executed, the property was occupied by Thompson and his wife as their homestead. Plaintiff insists that it was so occupied when Thompson executed the deed by virtue of the power of attorney, and that the conveyance is void under the statute in force at that time, Revision, section 2279, on the ground that the husband did not join in the deed. But this objection to defendant's title is disposed of upon the consideration that when the deed was executed the property had been abandoned as a homestead. The testimony very satisfactorily sustains this conclusion.

No other questions are presented by the case for our consideration. The decree of the District Court is

AFFIRMED.